IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ANTHONY COLEMAN, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. RWT-13-847 |
| | | Criminal No. RWT-10-0305 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |
| | * | |

**MEMORANDUM OPINION**

Pending is Petitioner Anthony Coleman's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255. Upon review of the papers filed, and for the reasons stated below, the Court will deny Coleman's Motion.

**BACKGROUND**

As of March 13, 2010, Coleman was a felon who had not had his civil rights restored and, therefore, was not allowed to possess a firearm. 18 U.S.C. § 922(g)(1); ECF No. 25-1. Despite this, Coleman had a .45 caliber pistol in his car when the Metropolitan Police pulled him over in Washington, D.C., for a routine traffic stop. ECF No. 25-1. In possession of an illegal weapon, and with law enforcement approaching, Coleman faced a dilemma, and his solution was to flee. *Id.* Unsurprisingly, fleeing backfired. The officers chased Coleman into Prince George's County, Maryland, where he crashed his car and was subsequently arrested. *Id.*

Coleman was charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). ECF No. 1. He pled guilty on April 25, 2011. ECF No. 24. The plea agreement explicitly stated that, if Coleman were determined to be an armed career criminal, he would face a mandatory minimum sentence of fifteen years of incarceration. ECF No. 25 at 2.

The plea agreement further stated that it was the Government's position that Coleman was, indeed, an armed career criminal. *Id.* at 4.  At his Rule 11 hearing, Coleman was warned again by the Government that its position was that he was an armed career criminal, and that if that determination were made he would face a mandatory minimum sentence of fifteen years' incarceration.  ECF No. 49 at 6-7.  The Court then reiterated to Coleman that the Government's position was that he was an armed career criminal. *Id.* at 16.

In Coleman's presentence report ("PSR"), the probation officer determined that Coleman was, in fact, an armed career criminal, because he had at least three predicate convictions that were either violent felonies or serious drug offenses under 18 U.S.C. § 924(e).  Coleman's attorney vigorously argued that one of these convictions, a 1990 Maryland conviction for possession with intent to distribute a controlled dangerous substance, should not be used to determine Coleman's armed career criminal status.  ECF No. 31 at 5-8.  The basis of this argument was that the conviction was the result of an *Alford* plea, in which Coleman did not actually admit to the facts underlying his conviction.[1]  ECF No. 31 at 5-8.  However, the PSR also revealed a fourth predicate conviction, a 1995 Washington, D.C. conviction for attempted possession with intent to distribute, that also qualified as a serious drug offense.  ECF No. 39 at 9.  Even without considering the 1990 Maryland conviction, Coleman still qualified as an armed career criminal.  Accordingly, he was sentenced to the fifteen-year mandatory minimum sentence.  ECF No. 41.  The Fourth Circuit affirmed Coleman's sentence on May 9, 2012. *United States v. Coleman*, 473 Fed. App'x. 223 (4th Cir. 2012).

---

[1] *See North Carolina v. Alford*, 400 U.S. 25 (1970) (allowing court to accept guilty plea where the defendant claims innocence).

Coleman timely filed a petition to vacate his sentence under 28 U.S.C. § 2255 on March 20, 2013. ECF No. 55. Coleman asserts three grounds in support of his petition:

1. Ineffective assistance of counsel for failing to argue on appeal that his 1990 Maryland conviction should not have been used as a predicate offense to determine his armed career criminal status;

2. Denial of due process because Coleman was not provided with a copy of his PSR prior to his guilty plea; and

3. Ineffective assistance of counsel for failing to argue on appeal that the Court's finding that Coleman was an armed career criminal was not based on *Shepard*-approved documents.

*Id.* By order of this Court, ECF No. 56, the Government filed a response in opposition to Coleman's petition. ECF No. 61. Coleman has filed a reply, ECF No. 68, and his petition is now ripe for decision.[2]

## ANALYSIS

Under 28 U.S.C. § 2255(a), a prisoner in custody may file a motion to vacate, set aside, or correct a sentence, "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Pursuant to 28 U.S.C. § 2255(b), the Court may deny the motion without a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."

---

[2] Coleman also made a filing styled "Addendum to (Traverse)" purporting to amend his reply. ECF No. 69. The Court has reviewed this filing, and it presents nothing changing the analysis in this Opinion.

28 U.S.C. § 2255(b); *see, e.g.*, *Zelaya v. United States*, No. DKC 05-0393, 2013 WL 4495788, at *2 (D. Md. Aug. 20, 2013).

## I. Ineffective Assistance of Counsel Claims

Grounds one and three of Coleman's petition are ineffective assistance of counsel claims. Ineffective assistance of counsel claims are analyzed under the rubric of *Strickland v. Washington*, 466 U.S. 668 (1984). The *Strickland* analysis requires a defendant to make two showings to establish ineffective assistance of counsel: that counsel's performance was so deficient as to be objectively unreasonable, and that there is a reasonable probability that, but for counsel's unreasonable performance, the outcome of the case would have been different. *Id.* at 687-94.

### A. Failure to Make "Quasi-*Alford* Plea" Argument

At the outset, the Court notes that it is not necessary to relitigate the issue of whether the guilty plea underlying Coleman's 1990 Maryland conviction was a normal plea, an *Alford* plea, a quasi-*Alford* plea, or some other type of plea, because whether that conviction was properly considered by the Court is not at issue. Coleman is claiming ineffective assistance of counsel, and therefore the issue is whether it was reasonable for Coleman's appellate attorney to decide not to pursue this argument on appeal, and whether that decision prejudiced Coleman. Reasonableness is not determined with the benefit of 20/20 hindsight, but from the perspective of the attorney at the time in light of all of the circumstances. *U.S. v. Roane*, 378 F.3d 382, 411 (4th Cir. 2004).

Coleman's attorney at sentencing argued vigorously that it was improper for the Court to consider Coleman's 1990 Maryland conviction. Ultimately this argument was in vain.

Coleman's PSR revealed four convictions that constituted predicates for determining whether Coleman was an armed career criminal. By statute, only three convictions were needed to establish Coleman as an armed career criminal. 18 U.S.C. § 944(e). The invalidity of one of those convictions would have made no difference to Coleman's sentence.

Therefore, Coleman's appellate attorney could only have been ineffective for failing to make the "quasi-*Alford* plea" argument if there was a reasonable basis to doubt one of the other underlying convictions. Coleman, for the first time in his reply, challenges his 1995 D.C. conviction, claiming he was never actually convicted of possession with intent to distribute. ECF No. 68 at 6. Coleman, however, does not convincingly explain how his appellate attorney could have been aware of this. The conviction was included in his PSR, and the Government presented official documentation evidencing the conviction. ECF No. 39-5. Coleman did not challenge the fact of the 1995 D.C. conviction in his sentencing memorandum. Nor did he challenge it at his sentencing.[3] In short, there was no reason for Coleman's appellate attorney to believe anything other than that Coleman had three other convictions that served to make him an armed career criminal, and therefore that advancing the quasi-*Alford* plea argument would have been pointless.[4]

Coleman attaches an affidavit to his reply in which he claims that he told his appellate attorney that he was never convicted of the 1995 offense. ECF No. 68-1. However, this

---

[3] The only comment on the other three convictions at sentencing was Coleman's attorney mentioning that "[w]e intend to file *coram nobis* on one of the other offenses." ECF No. 50 at 9.

[4] There is another reason counsel's decision not to make a quasi-*Alford* plea argument was reasonable. At the time of his appeal, the Fourth Circuit had recently decided *United States v. Toyer*, 414 Fed. App'x. 584 (4th Cir. 2011), in which it refused to recognize quasi-*Alford* pleas. *Id.* at 597-598. While that is a non-binding, unpublished opinion, it is certainly an indication of how the Fourth Circuit would likely rule. Counsel is not ineffective for failing to make an argument that was recently rejected by the same court. *See Lawrence v. Banker*, 517 F.3d 700, 709 (4th Cir. 2008) ("Effective assistance of appellate counsel does not require the presentation of all issues on appeal that may have merit, and we must accord [ ] counsel the presumption that he decided which issues were most likely to afford relief on appeal.") (internal citations and quotation marks omitted) (omission in original).

conclusory allegation is directly contradicted by letters he attached to his § 2255 petition, in which he asked his appellate attorney to make the quasi-*Alford* plea argument, but never brought up a challenge to the 1995 D.C. conviction. ECF No. 55-2. Moreover, even if Coleman did tell his appellate attorney that he was not actually convicted of possession with intent to distribute, and asked her to argue this point on appeal, he fails to mention any other details that would have made her ineffective for not presenting that argument on appeal. Coleman's appellate attorney was faced with a PSR that included this conviction, and documentary evidence of the fact of conviction.[5] ECF No. 39-5. Since Coleman did not object to inclusion of this conviction at sentencing,[6] any argument presented on appeal would have been subject to the plain error standard of review which, *inter alia*, would have required Coleman to demonstrate that any error by the court was "clear or obvious." *United States v. Duff*, 448 Fed. App'x 356, 356 (4th Cir. 2011). Coleman fails to demonstrate how the Court's accepting the validity of a conviction when that conviction was evidenced by an official document entered into the record, could have been error at all, let alone "clear or obvious." Thus, even taking Coleman's conclusory statement that he informed his appellate attorney that the 1995 D.C. conviction was not actually a conviction as true, the failure to present that argument on appeal was not ineffective assistance of counsel under these circumstances.

Because Coleman's appellate attorney had a reasonable basis to believe challenging the 1990 Maryland conviction as the result of an *Alford* plea would have been fruitless, this cannot form the basis of an ineffective assistance of counsel claim.

---

[5] Indeed, Coleman does not present any evidence now that would refute the document showing he was convicted of possession with intent to distribute cocaine in D.C.
[6] Coleman does not indicate that he informed his prior attorney that he was not convicted of this crime so she could preserve this issue on appeal.

### B. Failure to Make "*Shepard*-Approved Documents" Argument

Coleman's appellate attorney was not ineffective for failing to challenge the validity of the documentation used by the Government to establish the offenses underlying his status as an armed career criminal. The Government used charging documents to establish the nature of Coleman's prior convictions. ECF Nos. 39-2, 39-3, 39-4, 39-5. Charging documents may be used to establish the facts underlying a conviction following a guilty plea. *Shepard v. United States*, 544 U.S. 13, 26 (2005). A challenge to the use of these documents would have been frivolous. Coleman's appellate attorney was not ineffective for not making a frivolous argument.

### II.     Coleman did not Have a Right to his Presentence Report

Coleman argues that his guilty plea was not fully informed, because he did not have access to his PSR at the time he pled guilty, and therefore he could not have known he would be considered an armed career criminal and sentenced to fifteen years.

As a statutory matter, Federal Rule of Criminal Procedure 32(e)(1) prohibits disclosure of the PSR before a guilty plea.[7] This rule would be a nullity if disclosure of the PSR were required before any defendant entered a guilty plea.

To the extent Coleman is arguing that, Rule 32(e)(1) notwithstanding, disclosure of the PSR to a defendant prior to a guilty plea is required in order for the defendant to make a Constitutionally valid decision to plead guilty, this argument has no merit. A defendant makes a knowing and voluntary guilty plea under the Constitution where, as here, he is informed in a properly conducted Rule 11 colloquy of, *inter alia*, the minimum and maximum sentences for his offense, any mandatory minimums he may be subject to, and the nature of the sentencing

---

[7] A defendant may consent to disclosure before a guilty plea in writing, but there is no indication that Coleman attempted to do so here.

guidelines. Fed. R. Cr. P. 11(b)(1). A defendant pleading guilty is not entitled to know with certainty what his sentence will be before entering a knowing and intelligent guilty plea, and Coleman cites no authority to that effect.

To be sure, there may be cases where, once the probation officer actually produces the PSR, the resulting guideline range is so out of proportion to what either party expected as to cast doubt on whether a guilty plea was knowing and voluntary. For example, in *United States v. Hairston*, 522 F.3d 336 (4th Cir. 2008), the defendant pled guilty, and both parties understood he would be sentenced to at least thirty years, but with the possibility of a reduction for providing substantial assistance to the government. *Id.* at 338. In preparing the PSR, the probation officer determined the defendant was an armed career criminal, which ultimately resulted in a minimum sentence of forty-five years, a result which took both parties by surprise. *Id.* The Fourth Circuit held that, because the defendant's surprise designation as an armed career criminal changed his best case sentencing scenario by fifteen years, his guilty plea was not knowing and voluntary, and he should have been allowed to withdraw it. *Id.* at 341-42.

*Hairston* is not this case. Unlike Hairston, Coleman was informed, multiple times, verbally and in writing, that it was the Government's position that he was an armed career criminal, and that this designation would result in a mandatory minimum sentence of fifteen years.[8] It strains credulity that Coleman could have been surprised by this designation, especially since in open court, and under oath, he stated that he understood the Government's position. He did not need the PSR to know that a fifteen-year sentence was a likely best case scenario for him. He only needed to read what he signed and listen to what was said to him.

---

[8] In *Hairston* the district court also erred in failing to inform the defendant of the potential consequences of his designation as an armed career criminal. *Hairston*, 522 F.3d at 340-41.

## **CERTIFICATE OF APPEALABILITY**

Coleman may not appeal this Court's order denying him relief under 28 U.S.C. § 2255 unless it issues a certificate of appealability. *United States v. Hardy*, 227 F. App'x 272, 273 (4th Cir. 2007). A certificate of appealability will only issue if Coleman has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c); *Hardy*, 227 F. App'x at 273. A petitioner "satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable." *United States v. Riley*, 322 F. App'x 296, 297 (4th Cir. 2009). Coleman has failed to raise a cognizable § 2255 claim in which a reasonable jurist could find merit, and thus no certificate of appealability shall issue.

## **CONCLUSION**

For the aforementioned reasons, Coleman's motion will be denied and no certificate of appealability shall issue.  A separate Order follows.


Date: May 13, 2015                                                                    /s/
                                                                        ROGER W. TITUS
                                                                  UNITED STATES DISTRICT JUDGE